UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTIAN LITSCHER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-00997 |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| BOONE COUNTY SHERIFF'S | ) | |
| OFFICE, BOONE COUNTY SHERIFF | ) | |
| MICHAEL NIELSEN, ANTHONY | ) | |
| HARRIS, BRIAN STEVENSON, | ) | |
| MICHAEL BEARD, AND BRITTANY | ) | |
| HICKS | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Christian Litscher brings this action against the Boone County Sheriff's Office (the "Sheriff's Office") as well as Boone County Sheriff Michael Nielsen (the "Sheriff'"), Anthony Harris, Brian Stevenson, Michael Beard, and Brittany Hicks in their individual and official capacities (as specified further below below) (collectively, "Defendants") for retaliatory discharge, violations of federal and state laws requiring timely and proper compensation for work performed, breach of express and implied contract, and Indiana common law torts.

## JURISDICTION AND VENUE

1.      This Court has original federal jurisdiction over Litscher's claims under the Fair Labor Standards Act, 29 U.S.C. Sections 215(a)(2)-(3) and  216(b), pursuant to 29 U.S.C. Section 1331, as well as 42 U.S.C. Section 1983. 29 U.S.C. Section 1331.  The Court has supplemental jurisdiction over Litscher's state law claims pursuant to 28 U.S.C. Section 1367.

2.     Venue is proper in this Court because all Defendants are residents of Indiana and at least one resides in the Southern District of Indiana, and, independently, a substantial part of the events and omissions giving rise to Litscher's claims occurred within the Southern District of Indiana.

## FACTUAL ALLEGATIONS

3.     Sheriff Michael Nielsen is the chief elected law enforcement officer in and for Boone County, Indiana and is responsible for the operations of the Sheriff's Office.  The Sheriff is a "person" within the meaning of 42 U.S.C. Section 1983.

4.     Anthony Harris is the Sheriff's Chief Deputy.  Major Brian Stevenson is the Sheriff's Office's Operations Commander.  Michael Beard is Captain of the Sheriff's Office's Investigation Division.  Brittany Hicks is the Sheriff's Executive Secretary.

5.     Litscher is a resident of the State of Indiana residing in Lebanon, Boone County, Indiana, as well as a "person" within the meaning of 42 U.S.C. Section 1983.  He was employed by the Sheriff's Office as a Crime Scene Investigator (also referred to as an Evidence Technician) from April 1, 2014 through December 31, 2018.

6.     Litscher's position was and is classified as a full-time non-exempt, hourly position eligible to receive either overtime compensation or compensatory time for all hours worked beyond a specified amount in a workweek.

7.     Prior to accepting his position at the Sheriff's Office, Litscher discussed the job offer with then-Sheriff Ken Campbell, who preceded Michael Nielsen in that office.  Litscher made clear that he was interested in the position but wished to

negotiate a lower salary in exchange for additional paid time off opportunities. Campbell declined Litscher's proposal but simultaneously assured Litscher that the work was such that Litscher would be able to earn substantial compensatory time. Litscher accepted the position based on those assurances.

8.     Litscher accepted the job offer from the Sheriff's Office based on its non-exempt classification and maintained his employment thereafter because of and in reliance on the Sheriff and the Sheriff's Office repeatedly represented verbally and in writing that Litscher would be compensated for his labor based on that non-exempt classification. The Sheriff and the Sheriff's office repeatedly and specifically represented not only that Litscher's position was non-exempt, but also that they would compensate him and other non-exempt employees in accordance with (foremost) the U.S. Fair Labor Standards Act and also (to the extent consistent with applicable federal and state law) the Sheriff's Office's customary compensation policies and practices. *See, e.g.*, **Exhibit A** attached hereto.

9.     Litscher accrued substantial amounts of compensatory time, eventually reaching and (far) exceeding the maximum limit established under the FLSA. The Sheriff and the Sheriff's Office repeatedly represented verbally and in writing that Litscher had accrued substantial amounts of compensatory time and that such time would be paid to Litscher. *See, e.g.,* **Exhibits A** and **B**. Litscher maintained his employment based and in reliance on such representations.

10.     The Sheriff and the Sheriff's Office assigned Litscher special and additional projects on a regular basis that required additional hours of work on evenings, weekends, and otherwise outside normal shifts. The Sheriff and the

Sheriff's Office knew or should have known of such work.  Litscher accepted and performed such work in reliance on the Sheriff and Sheriff's Offices' representations that he would be paid for all his labor in accordance with applicable law, policies, and practices.  However, such hours were neither compensated nor accounted for as compensatory time.

11.     In March, 2018 Litscher discovered discrepancies in the Sheriff's Office compensatory time tracking system.  Those errors resulted in numerous employees, including Litscher, receiving incomplete credit for accrued compensatory time.  Litscher researched the issue (on his own time) and realized that the errors were in violation of the FLSA, as well as the Sheriff's Office's own internal policies, and could lead to exposure for the Sheriff based on improper payment of wages.  Litscher reported the erroneous time shorting to the Sheriff and suggested steps to fix the system.  *See, e.g.*, **Exhibit B.**  The Sheriff acknowledged that the system did not comply with the FLSA but, on information and belief, failed to correct it while occupied with an unrelated high-profile department matter.

12.     Once the other matter had largely subsided, the Sheriff told Litscher that the Sheriff wished to begin paying off Litscher's substantial compensatory time balance by having Litscher take an extended leave during which Litscher would be paid from his compensatory time bank.  The Sheriff told Litscher that the amount owed to Litscher exceeded the budget.  Litscher was given one week to complete all pending work projects before beginning his use of earned time.  Litscher repeatedly asked the Sheriff and others within Litscher's chain of command to confirm how long the Sheriff planned to keep Litscher off work and how the Sheriff planned to

pay out the total amounts due.  Initially, Defendant Beard suggested the Sheriff's Office wanted Litscher to remain off work for 62 weeks, though Defendants had yet to confirm the total amount owed to Litscher.  The Sheriff repeatedly represented that he would present Litscher with a written proposal confirming his plans, but delayed for a period of months.

13.     Several months later, the Sheriff called Litscher into a meeting with multiple other members of his staff and informed Litscher that the meeting would be recorded.  Defendants Harris, Stevenson, Beard, and Hicks were also present.  Collectively and in concert with one another, the defendants presented inaccurate statements about Litscher's prior comments and hours worked and made clear their frustration with Litscher's requests for compensation as well as Litscher's insistence that the Sheriff's timekeeping system needed to be fixed to properly credit all eligible employees with the right amount of compensatory time.  Litscher reiterated several times that he was not trying to be a problem for the Sheriff's Office but believed the compensatory time system needed to be fixed for the benefit of all affected employees.   Defendants concluded the meeting by giving Litscher three business days to sign a written agreement under which he would receive less compensation than what was actually owed and resign his employment.

14.     Litscher declined to sign the agreement due to its inaccurate calculations and expressly stated to the Sheriff in writing that he was not resigning.

15.     Nonetheless, the Sheriff's attorney, reportedly on the Sheriff's behalf, notified Litscher by letter dated January 11, 2019 that the Sheriff purportedly had "accepted" Litscher's "resignation," effective December 31, 2018.  In that same

letter, the Sheriff's attorney stated that the Sheriff's Office "considers" Litscher an exempt employee and thus not eligible for or entitled to overtime.

16.     The assertion that Litscher resigned is false, as is the assertion that Litscher's position had been considered as exempt.

17.     Since January 11, the Sheriff and Sheriff's Office have failed to compensate Litscher for his unused paid time off or the hours he spent working on special projects beyond his normal shift work, whether as overtime compensation or in the form of compensatory time credit/payout.

## LEGAL CLAIMS

### *Count I – FLSA Unpaid Wages (All Defendants)*

18.     Litscher incorporates by reference each of the foregoing paragraphs.

19.     Litscher is an "employee" within the meaning of the FLSA.

20.     The Sheriff's Office and the other defendants (in both their individual and official capacities) are "employers" within the meaning of the FLSA.

21.     Defendants' failure to compensate Litscher for all hours worked is a violation of 29 USC Section 215(a)(2).

22.     Such failure was willful and without justification, and caused damage to Litscher.

23.     Defendants' failure renders them liable to Litscher for the amount of his unpaid wages, liquidated damages, attorney's fees, costs and expenses, and any other damages to which he is entitled under the FLSA.

### *Count II – FLSA Retaliation (Sheriff and Sheriff's Office)*

24.     Litscher incorporates by reference each of the foregoing paragraphs.

25.     The Sheriff, in his official capacity, actually or constructively terminated Litscher in retaliation for Litscher having reported his concerns about the Sheriff's tracking system improperly under-calculating employees' compensatory time and/or in retaliation for Litscher having refused to accept payment of less than all amounts owed for his work, all in violation of 29 USC Section 215(a)(3).

26.     Litscher has been damaged by the Sheriff's unlawful retaliatory conduct.

27.     Litscher is entitled to equitable relief, specifically reinstatement, as a remedy for the Sheriff's retaliatory discharge.

28.     The Sheriff's retaliation renders the Sheriff and the Sheriff's Office liable to Litscher for lost wages, liquidated damages, attorney's fees, costs and expenses, and any other legal relief to which he is entitled under the FLSA.

### *Count III – First Amendment Retaliation (Sheriff, in his individual capacity)*

29.     Litscher incorporates by reference each of the foregoing paragraphs.

30.     Litscher engaged in speech protected under the First Amendment when he notified the Sheriff of the need to correct the improper accounting of employees' compensatory time to rectify non-compliance with the FLSA (and state law).

31.     The Sheriff, in his individual capacity and under color of state law, unlawfully terminated Litscher's employment in retaliation for Litscher's legally protected speech.

32.     Litscher has been damaged by said unlawful retaliatory conduct.

33.    The Sheriff's Office or the Sheriff's actions were intentional, willful, and in reckless disregard of Litscher's clearly established rights as protected by the First Amendment.

### Count IV – Indiana Wage Statutes (All Defendants)

34.    Litscher incorporates by reference each of the foregoing paragraphs.

35.    All defendants constitute "persons" under Ind. Code Section 22-2-5-1 and "employers" under Ind. Code Section 22-2-9-1.  Litscher is an "employee" within the meaning of Ind. Code Section 22-2-5-1 and 22-2-9-2.

36.    Litscher has a statutory wage claim arising under Ind. Code Section 22-2-9-2 through 4.

37.    Litscher satisfied his obligation to exhaust administrative remedies by first presenting his wage claim to the Indiana Department of Labor. The Indiana Department of Labor referred Litscher's claim to the Indiana Attorney General, who has referred the claim to the undersigned to prosecute on Litscher's behalf.  **Exhibit __**.

38.    Alternatively, Litscher has a statutory wage claim arising under Ind. Code Section 22-2-5-1.

39.    Because of defendants' bad faith violation of Indiana's wage statutes, Litscher is entitled to all available damages under Indiana Code Section 22-2-5-2.

### Count V – Breach of Contract (Sheriff's Office and Sheriff, individual and official capacities)

40.    Litscher incorporates by reference each of the foregoing

paragraphs.

41.     The Sheriff's Office offered, and Litscher accepted, his position as a non-exempt position for which he would receive compensation and overtime (or compensatory time) for all hours worked in accordance with the Fair Labor Standards Act.

42.     Litscher maintained his employment thereafter in exchange for the Sheriff's and Sheriff's Office's repeated verbal and written representations that he was a non-exempt employee who would receive compensation and overtime (or compensatory time) for all hours worked in accordance with the Fair Labor Standards Act.

43.     The Sheriff and the Sheriff's Office breached the foregoing agreements by failing to compensate Litscher for all hours worked, failing to properly calculate overtime and/or compensatory time, and failing to pay even that amount of compensatory time the Sheriff and Sheriff's Office themselves calculated as due and owing to Litscher upon his separation.

44.     Litscher has been damaged by the Sheriff and Sheriff's Office's breach of the foregoing agreements.

### Count VI – Fraud (Sheriff, individual and official capacities)

45.     Litscher incorporates by reference each of the foregoing paragraphs.

46.     The Sheriff and the Sheriff's Office repeatedly represented to Litscher that he was a non-exempt employee entitled to compensation for all hours worked as well as overtime (or compensatory time).

47.     Following his separation, the Sheriff and the Sheriff's Office told Litscher that their prior representations were untrue and that he was, in their eyes, actually an exempt employee.

48.     The Sheriff and the Sheriff's Office's misrepresentations to Litscher during his employment were material and made with knowledge or in reckless ignorance of its falsity and with the intent to deceive.

49.     Litscher rightfully relied upon his employer's representations regarding his compensation status and classification.

50.     The Sheriff and the Sheriff's Office's misrepresentations proximately caused damages to Litscher.

### Count VII – Constructive Fraud (Sheriff, individual and official capacities)

51.     Litscher incorporates by reference each of the foregoing paragraphs.

52.     The Sheriff and the Sheriff's Office, by virtue of the employment relationship, owed Litscher a duty to compensate him in accordance with FLSA, Indiana law, and the repeated representations regarding their customary pay policies and practices.

53.     The Sheriff and the Sheriff's Office violated their duties by claiming after Litscher's rendering of labor (and constructive termination) that they considered him an exempt employee and thus not entitled to overtime or compensatory time.

54.     Alternatively, the Sheriff and the Sheriff's Office violated their duties by failing to disclose to Litscher that they considered him exempt and thus

not entitled to overtime or compensatory time.

55.    Litscher relied on the Sheriff and Sheriff's Office's representations and omissions and has been injured as a proximate result thereof.

56.    Through their breaches and Litscher's reliance, the Sheriff and the Sheriff's Office gained the benefit and advantage of Litscher's labor, skills, and service at Litscher's expense.

### Count VIII– Negligent Misrepresentation (Sheriff, individual and official capacities)

57.    Litscher incorporates by reference each of the foregoing paragraphs.

58.    The Sheriff and the Sheriff's Office supplied false information to Litscher regarding the terms and conditions of his employment, in particular related to his compensation.

59.    The Sheriff and the Sheriff's Office failed to exercise reasonable care or competence in obtaining or communicating to Litscher the terms and conditions of his compensation.

60.    Litscher justifiably relied upon the misinformation supplied by his employer.

61.    The misinformation supplied by the Sheriff and the Sheriff's Office's proximately caused damages to Litscher.

### Count IX– Conversion (Sheriff, individual and official capacities)

62.    Litscher incorporates by reference each of the foregoing paragraphs.

63.    In particular but without limitation, Litscher's accrued

compensatory hours are vested sums over which the Sheriff and Sheriff's Office are knowingly and wrongfully exerting unauthorized control.

      64.    Litscher has a statutory conversion claim arising under Ind. Code Section 34-24-3-1, for which the Sheriff and Sheriff's Office are liable for treble damages as well as Litscher's attorney's fees and costs

      65.    Because of defendants' bad faith violation of Indiana's wage statutes, Litscher is entitled to all available damages under Indiana Code Section 22-2-5-2.

### Count X– Promissory Estoppel (Sheriff, individual and official capacities)

      66.    Litscher incorporates by reference each of the foregoing paragraphs.

      67.    The Sheriff and the Sheriff's Office repeatedly promised Litscher that they would pay him as a non-exempt employee in accordance with the FLSA, expecting that Litscher would rely on those promises in his rendering of labor and services to them.

      68.    Litscher did rely on those promises in rendering his definite and substantial labor and services to the Defendants.

      69.    Injustice can be avoided only by enforcement of the Sheriff's and Sheriff's Office's promises.

### Count XII – Quantum Meruit/Unjust Enrichment (Sheriff, individual and official capacities)

      70.    Litscher incorporates by reference each of the foregoing paragraphs.

71.     Litscher rendered the measurable benefit of his labor and services to the Sheriff and the Sheriff's Office – including without limitation substantial hours of labor beyond 40 each workweek – at their express and implied requests.

72.     Litscher expected payment from the Sheriff and the Sheriff's Office for all hours worked.

73.     Allowing the Sheriff and Sheriff's Department to retain the benefit of Litscher's labor and services without proper restitution would be unjust.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff Christian Litscher respectfully requests that this Court enter judgment in his favor and against the Defendants and:

1. Order that the Sheriff and/or Sheriff's Office reinstate Litscher;

2. Order Defendants to pay compensatory damages to Litscher;

3. Order Defendants to pay Litscher all wages due, including compensatory time, and liquidated damages due under Ind. Code Section 22-2-5-1.

4. Order the Sheriff, in his individual capacity, to pay punitive damages to Litscher;

5. Order that Defendants pay pre- and post-judgment interest to Litscher;

6. Order that Defendants pay Litscher's attorneys' fees and costs incurred in litigating this action; and

7. Order all other legal and equitable relief that the Court deems just and proper.

## JURY DEMAND

Litscher requests a trial by jury on all issues so triable.

Dated:  March 12, 2019.

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP

/s/ Justin W. Leverton
Justin W. Leverton (#25678-49)
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204
Telephone: 317-692-9000
Facsimile: 317-264-6832
Email:  jleverton@kgrlaw.com

*Counsel for Plaintiff, Christian Litscher*